# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT THOMAS,**

       **Plaintiff,**          **CIVIL ACTION NO. 04-CV-73576-DT**

vs.

       **DISTRICT JUDGE ROBERT H. CLELAND**

**COMMISSIONER OF**
**SOCIAL SECURITY,**          **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This Court recommends that Defendant's Motion for Summary Judgment be **GRANTED** and Plaintiff's Motion for Summary Judgment be **DENIED**. The decision of the Commissioner is supported by substantial evidence on the record.

## PROCEDURAL HISTORY

This is an action for judicial review of the final decision by the Commissioner of Social Security that the Plaintiff was not entitled to Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. The issue for review is whether the Commissioner's decision is supported by substantial evidence on the record.

Plaintiff Robert Thomas first applied for Disability Insurance Benefits (DIB) on May 20, 1985, alleging that he had been disabled since August 1, 1983. (Tr. 16). Plaintiff's prior application was finally denied on June 27, 1986. *Id.* Plaintiff filed the instant application for Disability Insurance Benefits (DIB) with Defendant on October 23, 1998. (Tr. 52). Plaintiff alleged he had been disabled since August 1, 1983. *Id.* Plaintiff meets the special insured requirements for disability through December 31, 1988. *Id.* After Defendant initially denied Plaintiff's 1998

application, Plaintiff appealed and received a hearing before Administrative Law Judge (ALJ) John A. Ransom on December 6, 1999. (Tr. 33, 277). The ALJ issued a written opinion denying Plaintiff's claim on January 7, 2000. (Tr. 116). On October 2, 2001, the Appeals Council granted Plaintiff's request for review of the ALJ's decision, and remanded the case for further proceedings. (Tr. 132-34). Plaintiff and a vocational expert testified at a second hearing before ALJ Ransom on April 3, 2002. (Tr. 292). On February 11, 2002, the ALJ issued a second written opinion denying Plaintiff's claim. (Tr. 12-24). The appeals council denied Plaintiff's request for review on August 12, 2004, making the ALJ's decision the final decision of the Commissioner. (Tr. 4-5); 20 C.F.R. § 404.981.

## **MEDICAL HISTORY**

Plaintiff suffers from recurrent bronchospasm, obstructive bronchitis, moderate chronic obstructive pulmonary disease, obesity, and hypertension. (Tr. 23). On May 26, 1987, an x-ray of Plaintiff's chest showed a possible small pulmonary nodule. (Tr. 86). Subsequent x-rays of Plaintiff's chest taken in June 1987, January 1988, and March 1988 showed no abnormality. *Id.* Plaintiff was diagnosed with hypertension on April 18, 1988 (Tr. 89). On September 21, 1988, Plaintiff complained of wheezing and coughing, and was diagnosed as having a cold in addition to his normal bronchial problems. *Id.* Plaintiff was given theophylline and doxycycline, and was instructed to continue taking Hydrin and an Alupent inhaler. *Id.* On December 6, 1998 Plaintiff was hospitalized with an acute exacerbation of asthma. (Tr. 88). A January 17, 1989 pulmonary function test showed only mild obstructive and restrictive breathing deficits, and Plaintiff had a relatively high peak flow rate of 390 cc/min. *Id.*

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) gives this Court jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson,* 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). It is not the function of this court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

In determining whether substantial evidence supports the Commissioner's decision, the Court must examine the administrative record as a whole. *Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even where substantial evidence also supports the opposite conclusion and the reviewing court would decide the matter differently. *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

## DISCUSSION AND ANALYSIS

The Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff had to show that, prior to December 30, 1995:

> (1)   he was not presently engaged in substantial gainful employment; and
>
> (2)   he suffered from a severe impairment; and

>   (3)   the impairment met or was medically equal to a "listed impairment;" or
>
>   (4)   he did not have the residual functional capacity (RFC) to perform his relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(e); 20 C.F.R.. § 416.920(a)-(e). If Plaintiff's impairments prevented him from doing his past work, the Commissioner would, at step five, consider his RFC, age, education and past work experience to determine if he could perform other work.  If he cannot, he would be deemed disabled.  20 C.F.R. § 404.1520(f).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Her*, 203 F.3d at 391.  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs."  *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'"  *Id.* (citations omitted).

   The ALJ in this case concluded that Plaintiff suffered from a severe impairment that was not medically equal to a listed severe impairment but that Plaintiff could perform some of his past relevant work.  The ALJ concluded that Plaintiff had an RFC to perform a limited range of light and sedentary work with no repetitive bending or climbing in a controlled environment relatively free of dust, smoke, fumes, chemicals, and temperature extremes.  The Commissioner's decision concerning Plaintiff's prior application binds both parties from Plaintiff's claimed onset date through June 27, 1986.  Since Plaintiff's last insured date was December 31, 1988, Plaintiff is entitled to an award of benefits only if he carries his burden that he was disabled in the period between June 27, 1986 and December 31, 1988.

Plaintiff argues that the ALJ failed to give proper *res judicata* effect to the Commissioner's final June decision, dated June 27, 1986, regarding Plaintiff's prior DIB application. In particular, in her June 27, 1986 decision, the Commissioner concluded that Plaintiff was unable to stand or walk for a prolonged period, but the Commissioner did not include that restriction in her February 11, 2002 decision finding that Plaintiff was not disabled.

Where a claimant's RFC has been determined by an ALJ in a prior application for benefits, the Commissioner may find that the claimant has a greater RFC on a subsequent application only if there is substantial evidence showing medical improvement in the claimant's condition. *Drummond v. Comm'r of Soc. Security*. 126 F.3d 837, 842 (6th Cir. 1997). Here, the ALJ properly relied on substantial evidence in the record subsequent to June 27, 1986 suggesting that Plaintiff's walking and standing impairments were not severe, and correctly applied *Drummond*, Social Security Acquiescence Ruling 98-3(6), and Social Security Acquiescence Ruling 98-4(6). Plaintiff's medical records from 1986 through 1989 suggest that his pulmonary impairment was not particularly severe. Only one of four chest x-rays taken in the relevant period showed even a slight obstructive abnormality. Plaintiff's pulmonary impairment appeared to be severe when he had a cold in the fall of September 1988, and when he was hospitalized in December of that year. However, Plaintiff's pulmonary function did not appear to be substantially impaired in January 1989. Taken together, the evidence on the record is sufficient to justify the ALJ's conclusion that, in the period from June 1986 through December 1988, Plaintiff's pulmonary impairment did not prevent him from standing or walking for prolonged periods.

Plaintiff also argues that the ALJ's decision must be vacated because it rests on flawed testimony from a vocational expert. At the April 3, 2002 hearing, the vocational expert testified that

a person of Plaintiff's age, educational level, and RFC could perform work as a general office clerk, recording clerk, library clerk, office machine operator, accounting clerk, records clerk, or information clerk.  Plaintiff argues that the vocational expert's testimony conflicts with the Dictionary of Occupational Titles.  Specifically, Plaintiff argues that the Dictionary of Occupational Titles lists these positions as either "semi-skilled" or as requiring a "light" as opposed to "sedentary" level of exertion.

Plaintiff concedes that the positions of "general clerk," "records clerk," "library clerk," "and information clerk" are described by the Dictionary of Occupational Titles as light and unskilled. The vocational expert's testimony clearly establishes that, taken together, there are a substantial number of these positions in the regional economy.  Plaintiff argues that the ALJ should not have relied on the vocational expert's testimony about the availability of these jobs because they require prolonged standing or walking, which Plaintiff claims he is unable to do.  Plaintiff's nominal objection to the vocational expert's testimony is in fact an objection to the ALJ's determination concerning his RFC.  As mentioned above, the ALJ was not required to conclude that Plaintiff could not stand or walk for a prolonged period.  The vocational expert's testimony concerning the availability of a substantial number of light unskilled positions in the regional economy for persons of Plaintiff's age, educational level, and RFC as a general clerk, records clerk, library clerk, and information clerk is substantial evidence in support of the ALJ's step five finding that Plaintiff was not disabled before 1988.

## **RECOMMENDATION**

Plaintiff's Motion for Summary Judgment should be **DENIED**, and Defendant's Motion for Summary Judgment should be **GRANTED**.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 16, 2005        s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

      I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: August 16, 2005                    s/ Lisa C. Bartlett
                                                         Courtroom Deputy